Ray Howard and Mable B. Howard v. Commissioner.
Howard v. Commissioner
Docket No. 55034.
United States Tax Court
T.C. Memo 1956-219; 1956 Tax Ct. Memo LEXIS 75; 15 T.C.M. (CCH) 1152; T.C.M. (RIA) 56219; September 27, 1956
*75 1. In 1944, petitioner, Ray Howard, an attorney, began prosecuting claims in behalf of an incompetent under an agreement whereby he was to receive one-half of any amount recovered. The claims were compromised by an agreement between the parties in 1946, at which time he received $3,000. When the Superior Court of California entered its final order on October 24, 1947, he received $13,400 of additional fees. Pursuant to leave granted in such final order, he filed a claim for additional fees for services performed from 1946 until the entry of the court's final order in 1947. Additional fees in the amount of $10,300 were granted by a court order in 1948. That order was appealed and affirmed; and on November 28, 1950, the court awarded him $10,300 plus interest thereon from the date of its original order in 1948 to November 28, 1950, and also awarded the recovery of expenses incurred by him, and a fee as administrator of the incompetent's estate in which capacity he had served from March 22, 1948, to the time of the court's order in 1950. Held, no part of the amount received by petitioner in 1950 was taxable under the provisions of section 107 (a) of the 1939 Code. 2. Prior to the *76 issuance of the deficiency notice which is the basis of this proceeding, in 1954, petitioner paid a small assessment for the year 1950 by a check, on the face of which he marked "In full of all income taxes through 1950." Held, payment of the assessment by the check so marked did not constitute a binding compromise of petitioner's income tax liability for the year 1950. Ray Howard, Esq., Pershing Square Building, Los Angeles, Calif., for the petitioners. Mark Townsend, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves a deficiency in income tax for 1950 in the amount of $1,941.26. The issues to be determined are: (1) Whether all or any part of certain fees received by petitioner in 1950 for legal services performed by him were taxable under the provisions of *77 section 107(a) of the 1939 Code; and (2) whether petitioners' payment of a deficiency assessment for the year 1950 by a check on which he marked "In full of all income taxes through 1950", prior to the issuance of the deficiency notice, which is the basis of the proceeding herein, constituted a binding compromise of all tax liabilities for that year. All of the facts were stipulated, are so found, and are incorporated herein by this reference. We likewise adopt by this reference, as a part of our findings, the facts set forth in . [Findings of Fact] During 1950, Ray Howard (hereinafter referred to as the petitioner), and his wife, Mabel B. Howard, were residents of Los Angeles, California. They filed a joint income tax return for such year with the former collector of internal revenue for the sixth district of California, at Los Angeles. Petitioner was a practicing attorney at all times here material. In 1943, Lucille Stafford was adjudged an incompetent. A bank was appointed guardian of her estate and Comly Shoemaker was appointed guardian of her person. On October 11, 1943, an action was commenced *78 on behalf of Lucille Stafford against her sister, the latter's husband, and their daughter to recover certain gifts and loans. On December 27, 1944, the Superior Court of California, in and for the County of Los Angeles, approved an agreement between the incompetent's personal guardian and petitioner whereby petitioner was to prosecute the aforementioned suit in behalf of the incompetent and was to receive, as his fee, 50 per cent of the amount recovered. On April 23, 1946, an agreement was entered into by all parties to the litigation, subject to court approval, settling the various claims involved in the suit. On September 27, 1946, the Superior Court entered an interlocutory order based upon the agreement. Petitioner had received $3,000 on April 26, 1946, pursuant to the agreement. A final order of the Superior Court was entered on October 24, 1947, in which petitioner was awarded $13,400 of additional fees. Such final order of the Superior Court, however, gave petitioner leave to file a claim for additional fees for services performed subsequent to the execution of the agreement on April 23, 1946, and up to the date of its final order. Pursuant to such leave, petitioner, in *79 January 1948, filed petitions in the Superior Court asking that he be granted additional fees for services performed from April 23, 1946 to October 24, 1947, the date of the court's final order. The defendants in the prior suit contested petitioner's claim for additional fees, but the court, on April 7, 1948, awarded petitioner $10,300 as compensation for his services between April 23, 1946 and October 24, 1947. Lucille Stafford died on March 14, 1948, and the court's order of April 7th was entered nunc pro tunc as of February 16, 1948. Petitioner was appointed administrator of the incompetent's estate on March 22, 1948. The court order of April 7, 1948, was appealed from and was subsequently affirmed by the California Court of Appeals on August 18, 1950, in a proceeding captioned Thereafter, on November 28, 1950, the Superior Court entered its order authorizing the payment to petitioner of fees for services, as provided in its order of April 7, 1948, in the amount of $10,300; interest thereon from February 16, 1948 to November 28, 1950, at 7 per cent in the amount of $1,992.70; reimbursement in the amount of $2,000; administrator's fees in *80 the amount of $1,106.50; and an additional amount for an undisclosed purpose of $382.50; making a total amount received by petitioner of $15,781.70. Of such amount, $2,491.31 represented the recovery of deductible expenses incurred by him in connection with the services for which he received the aforementioned fees. On the joint return which petitioner and his wife filed for 1950, he reported the receipt of $13,311.77 as fees from the Stafford case. He claimed that such sum was received as compensation for services rendered over a period of three years and was, therefore, subject to tax under the provisions of section 107(a) of the 1939 Code. In a deficiency notice dated July 23, 1954, respondent determined that petitioner had received total receipts from the Stafford case in the amount of $15,781.70; that deductible expenses had been incurred in the amount of $2,491.31, leaving a net taxable balance in the amount of $13,290.39, all of which was subject to tax at rates applicable for the year 1950. On the joint return which petitioner filed for 1950, they claimed a credit of $61 from an overpayment of tax in 1949. On January 4, 1954, petitioners filed a claim for refund of the *81 $61 overpayment in 1949. Such amount, plus interest, was duly refunded to petitioners. On June 3, 1954, the petitioners were billed for the $61, plus interest, which they had claimed as a credit on their 1950 return. On June 16, 1954, petitioner addressed a letter to the director of internal revenue at Los Angeles and enclosed a check in the amount of $72.79, being the $61 item in question, plus interest, and stated that he trusted that the payment would close any question as to his tax liability for the year 1950. He also marked the check "In full of all income taxes through 1950." The letter and the check were duly received by the director; the check was deposited by him, as provided by law, and collected. [Opinion] Section 107(a) [1] provides special tax treatment for compensation for personal services covering a period of 36 or more calendar months when 80 per cent or more of the total compensation for such services is received in one taxable year. We are satisfied from the facts of this record that no part of the amount which petitioner received in 1950 for services performed in connection with the so-called Stafford case is entitled to the tax benefits provided by such *82 section. Section 107(a) is a relief provision and a taxpayer must bring himself squarely within the provisions of the Congressional grant to enjoy its benefits. (C.A. 2, 1945), affirming 4. T.C. 846 (1945), certiorari denied ; , affd. (C.A. 2, 1955). Clearly, the petitioner here has failed to do that. The *83 facts of this record show that of the total amount of $13,290.39, which the parties agree is taxable, $10,300 was for services performed by petitioner from April 23, 1946 to October 24, 1947. His petition to the Superior Court, filed in January 1948, claims fees for that period only. The court order entered on April 7, 1948, awarded $10,300 as a fee for services performed during such period; the California Court of Appeals affirmed that order on August 18, 1950; and, the final order of the Superior Court, entered on November 28, 1950, reaffirmed its April 7, 1948 order, as affirmed. In addition, the Superior Court order of November 28, 1950, awarded interest on the $10,300 from February 16, 1948 to November 28, 1950. We do not understand, in the face of these facts, how petitioner can seriously contend that the fee of $10,300 which he received in 1950 was for services performed over a three-year period immediately prior thereto. Clearly, the services for which the $10,300 fee was received in 1950 were performed during the period from April 23, 1946 to October 24, 1947, that period being part of the whole period of petitioner's services, commencing in 1944 and ending October 24, 1947. Since *84 petitioner received $16,400 for his services in connection with the Stafford case through April 23, 1946, it is clear that the $10,300 received in 1950 was less than 80 per cent of his total compensation as required by the statute. (C.A. 2, 1948), affirming a Memorandum Opinion of this Court dated June 27, 1947 [; ; , affd. (C.A. 2, 1953); ; ; . Petitioner claims that the interest awarded to him under the court's order of November 28, 1950, was also a part of the fee received for legal services and not interest as such. Even if that were so, it would not help his case. But the sum of $1,992.70 denominated as interest in the court order was obviously interest as that term is commonly understood and not part of a fee or compensation for services within the meaning of section 107(a). See General American Life Insurance *85 Co., 25 T.C. -, filed March 16, 1956, on appeal C.A. 8, July 16, 1956; 320 E. 47th Street Corporation, 26 T.C. -, filed June 13, 1956, on appeal C.A. 2, September 6, 1956. The sum of $1,106.50 included in the total amount which petitioner received in 1950 was for administrator's fees. Lucille Stafford died on March 14, 1948, and petitioner was appointed administrator of her estate on March 22, 1948. Less than three years elapsed from such time until petitioner received the administrator's fees here in issue. Clearly, therefore, that part of the total amount which he received in 1950 as administrator's fees cannot qualify under the provisions of the statute, since petitioner's services as administrator of the incompetent's estate were for less than the 36 months required thereby. Clearly, no part of the amount which petitioner received as reimbursement for expenses is taxable under the provisions of section 107(a). We have not set forth in detail the varied facets of the plea which petitioner makes for taxation of the amount received from the Stafford case in 1950 under the provisions of section 107. The reason we have not done so is that *86 his arguments are bottomed on an alleged factual basis which is clearly contrary to that established by the comprehensive record herein. The three-year period of services prior to November 28, 1950, which petitioner contends was the period for which he was compensated, was not a period during which he was performing services in connection with the original litigation commenced in 1943; rather it was a period during which petitioner was attempting to collect the balance of the fee due him for services rendered prior to October 24, 1947, in connection with such litigation. Petitioner argues that the acceptance and cashing of his check marked "In full of all income taxes through 1950" constituted a compromise and settlement of his tax liability for that year which is binding on the Commissioner and is, therefore, a bar to the deficiency determined. We think that argument wholly without merit. Sections 3760 [2] and 3761 [3] of the 1939 Code are the statutory provisions by which closing agreements and compromises may be negotiated by the Commissioner. Those sections, likewise, specifically set forth the conditions which must be met before such agreements become binding on the Treasury. *87 Clearly, the petitioner here entered into no final conclusive agreement as to his tax liability for the year in question. ; (C.A. 9, 1932), certiorari denied ; . See also (C.A. 10, 1955), affirming , certiorari denied ; . *88 Decision will be entered for the respondent. Footnotes
1. SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY. (a) Personal Services. - If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.↩
2. SEC. 3760. CLOSING AGREEMENTS. (a) Authorization. - The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period. (b) Finality. - If such agreement is approved by the Secretary, the Under Secretary, or an Assistant Secretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact - (1) The case shall not be reopened as to the matters agreed upon or the agreement modified, by an officer, employee, or agent of the United States, and (2) In any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded. ↩
3. SEC. 3761. COMPROMISES. (a) Authorization. - The Commissioner, with the approval of the Secretary, or of the Under Secretary of the Treasury, or of an Assistant Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General may compromise any such case after reference to the Department of Justice for prosecution or defense.↩